IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| MARK A. SALLENG, | ) | CASE NO. 10-06073-HO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| OREGON STATE UNIVERSITY; JACK ROGERS; CHARLES D. YUTZIE; and DOES 1-20, inclusive, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Procedural History

Plaintiff Mark Salleng, filed his initial complaint on March 20, 2010, alleging that his civil rights were violated when he was wrongfully discharged from his employment as a Campus Security and Public Safety Officer (Security Officer), by Oregon State University (OSU). [#1] The State defendants filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1). [#6].

1 - ORDER

Plaintiff then filed an Amended Complaint on May 24, 2010, in which he added a Title VII claim. [#9]. Defendants responded by moving to dismiss plaintiff's claims for lack of subject matter jurisdiction. [#11].

## Background

Plaintiff was employed as a Security Officer for Oregon State University Campus Security and Public Safety (OSU Public Safety), from April 26, 1999, until his termination on May 15, 2009. [#1-pp.2-6]. Defendant Jack Rogers was the Director of OSU Public Safety and defendant Charles Yutzie was plaintiff's immediate superior, during all times relevant to this matter. [#9-pp.2-3].

In 2003, plaintiff alleges that he, together with four other OSU Public Safety employees, openly supported a colleague in his racial discrimination and retaliation lawsuit[1] against OSU. [USDC Case no. 02-938-ST]. Plaintiff alleges that since that time all of that colleague's supporters have been forced to resign because of hostile retaliatory work environments or, have been fired. [#9-p.3].

In February, 2007, plaintiff claims that he informed the entire Department of Public Safety, including the named defendants, that he supported and would provide information for, a former employee (Nancy Rohn), who complained about being required

---

[1] This matter was tried to a jury who found no racial discrimination but, did find OSU retaliated against Brown (the plaintiff), and awarded Brown damages totaling $322,251.72.

2 - ORDER

to change into uniform on her own, unpaid time. [#9-pp.3-4]. As a result of her complaint, OSU was required to pay up to $2,500 as uncompensated wages for two years, to all the Security Officers. *Id.*

Plaintiff alleges that subsequent to that matter's resolution, defendants engaged in conduct including harassment, threats and sanctions, that created a hostile work environment and which plaintiff believes were intended to cause him to quit. [#9-p.4]. After a series of allegedly retaliatory actions by defendants, plaintiff's employment was terminated on November 24, 2008. Plaintiff filed a tort claim notice on May 15, 2009, and also filed a claim with the Bureau of Labor and Industries (BOLI), which was denied on January 21, 2010.

Plaintiff's contends that OSU's termination of his employment violated his civil rights and now alleges seven causes of action[2]. Plaintiff seeks injunctive relief (harassment training for defendants, expungement of plaintiff's personnel record, reinstatement); economic and non-economic damages of $500,000 (or amount to be determined at trial), as well as punitive damages and

---

[2] Plaintiff alleges the following claims: (1) First Amendment retaliation discharge under 42 U.S.C. §§1983, 1988, against all defendants; equal protection violation under 42 U.S.C. §§1983, 1988, against all defendants; retaliation for whistle blowing against all defendants; invasion of privacy against all defendants; interference with prospective advantage against all defendants; breach of contract against defendant OSU and negligence - failure to properly train against defendant OSU. [#9].

3 - ORDER

attorney fees and costs. [#9-pp.12-13].

Defendants move to dismiss all plaintiff's claims for lack of subject matter jurisdiction.

## Discussion

Pursuant to Fed. R. Civ. P. 12(b)(1), defendants move this court for an order dismissing plaintiff's complaint with prejudice because: (1) the State, its agencies and their employees acting in their official capacity, have Eleventh Amendment immunity which, bars plaintiff's 42 U.S.C.§ 1983 and state law claims; (2) plaintiff's Title VII claims are barred by his failure to exhaust his administrative remedies and (3) his Title VII and state law claims are barred by a lack of subject matter jurisdiction. [#11, #12].

A Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) is proper only where there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory. *Balisteri v. Pacific Police Dept.*, 901 F.2d 696,699 (9th Cir.1990). The issue is not whether the plaintiff is likely to succeed on the merits but if the complaint is sufficient to entitle the plaintiff to proceed beyond the pleadings in an attempt to establish his claim. *De La Cruz v. Torrey*, 582 F.2d 45, 48 (9th Cir 1978).

The plaintiff's material allegations must be accepted as true

and the complaint is construed in the light most favorable to him. *Love v. United States,* 915 F.2d 1242, 1245 (9th Cir. 1988). Nonetheless, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Sitanggang v. Indymac Bank FSB,* 2009 WL 1286484, p.2 (citing *Farm Credit Service v. Am. State Bank,* 339 F.3d 765, 767 (8th Cir. 2003).

Similarly, conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim. *McGlinchy v. Shell Chemical Co.,* 845 F.2d 802 810 (9th Cir 1988); see also *Ashcroft v. Iqbal,* 129 S.Ct 1937, 1949 (2009)(To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.)(citations omitted)

    a)   Plaintiff's 42 U.S.C.§ 1983 claims:

The State defendants assert that under the Eleventh Amendment, all defendants are immune from suit in federal court. [#12-pp.4-7]. Plaintiff's response is silent with respect to his section 1983 claims against the State, its agencies or their employees acting in their official capacities. [#14].

42 U.S.C. § 1983 authorizes a remedy against state actors for constitutional violations. *Cerrato v. San Francisco Comm. College Dist.,* 26 F.3d 968, 971 fn.5 (9th Cir. 1994). Nevertheless the

Eleventh Amendment bars suits against a state brought by its own citizens, whether the relief sought is money damages or an injunction. *Atascadero State Hosp. V. Scanlon,* 473 U.S. 234, 241 (1985).

Moreover, agencies of the state such as Oregon State University, and their employees acting within the scope of their employment, are similarly immune from private damage actions or suits for injunctive relief brought in federal court pursuant to 42 U.S.C. § 1983. *Mitchell v. Los Angeles Comm. College Dist.,* 861 F.2d 198, 201 (9th Cir. 1988)(*cert denied* 490 U.S. 1089 (1989)); *Han v. United States Dep't of Justice,* 45 F.3d 333, 338 (9th Cir. 1995).

Because Oregon has not waived its Eleventh Amendment immunity, plaintiff's section 1983 claims (contained in his First and Second causes of action) are barred in federal court.

    b)   <u>Plaintiff's Title VII claim</u>:

Defendant moves to dismiss plaintiff's Title VII claims for lack of subject matter jurisdiction due to plaintiff's failure to exhaust his administrative remedies prior to filing suit in federal court. [#12-pp.7-9; #16-pp.5-6]. Plaintiff responds inappositely that defendants do not have Eleventh Amendment immunity under Title VII [#14-pp. 3-4], and contends that his claim filed with the Bureau of Labor and Industries (BOLI)

6 - ORDER

sufficiently exhausts his administrative remedies. [#14-pp.4-5].

It is well established that in order to establish subject matter jurisdiction over a Title VII claim in federal court, a plaintiff is required to exhaust his administrative remedies. *EEOC v. Farmer Bros. Co.*, 31 F.3d 891,899 (9th Cir. 1994). Under Title VII, a plaintiff must exhaust his administrative remedies by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge. 42 U.S.C. §2000e-5(b). The administrative charge requirement serves the important purposes of giving the charged party notice of the claim and of narrowing the issues to enable prompt adjudication and decision. *B.K.B. v, Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir. 2002)(quoting *Park v. Howard* Univ., 71 F.3d 904, 907 (D.C. Cir 1995)).

Plaintiff correctly asserts that he is not required to file an EEOC claim because in filing his BOLI claim, he would sufficiently exhaust his administrative remedies and give the federal court jurisdiction. However, in this instance, plaintiff's BOLI claim[3] did not allege a Title VII claim. Thus he did not fulfill the purpose of filing, namely to alert the appropriate agency and spur extrajudicial resolution of the

---

[3] For the purpose of this motion, I hereby take judicial notice of plaintiff's BOLI claim. [#17-Ex.1].

7 - ORDER

matter. Plaintiff failed to exhaust his administrative remedies with regard to his Title VII claims and thus this court lacks subject matter jurisdiction over those claims.

Furthermore Title VII claims against state employees Rogers, Yutzie and Does 1-20 are inappropriate given that civil liability under the statute is limited to employers and does not extend to individual agents of that employer. 42 U.S.C.§2000e-5(g).

Defendants' motion to dismiss plaintiff's Title VII claims in plaintiff's First, Second and Third causes of action, against all defendants is therefore, appropriate.

c) Plaintiff's state law claims:

Defendant argues that plaintiff's State law claims against OSU and its employees are barred by the Oregon Tort Claims Act (OTCA) and Eleventh Amendment immunity and should therefore be dismissed. [#12-pp.9-11; #16-pp.3-4]. Plaintiff contends that his claims are appropriate for pendent jurisdiction because they all stem from the same pattern of retaliatory discharge by defendants. [#14-pp2-3].

The OTCA provides that when state law claims such as plaintiff's Whistleblower Retaliation, Invasion of Privacy and Interference with Prospective Advantage claims, are lodged against a public body[4], the only proper defendant is the State of Oregon.

---

[4]   The OTCA includes state universities and their
(continued...)

8 - ORDER

ORS 30.265. For that reason and because the State has not waived its sovereign immunity, it is inappropriate for this court to exercise pendent jurisdiction over plaintiff's state law claims.

Plaintiff's Third through Seventh causes of action are therefore dismissed for lack of jurisdiction and alternatively, because they are barred by the Eleventh Amendment.

## Conclusion

For the reasons stated above defendants' Motion to Dismiss [#11] is GRANTED. This action is dismissed.

IT IS SO ORDERED.

DATED this 10th day of August, 2010.

*Michael R. Hogan*
United States District Judge

---

⁴(...continued)
employees acting within the scope of their employment in it's definition of public body. ORS 30.260(4).